**CITY OF HOUSTON, Texas, Appellant,**

v.

**Clarence R. COOK, Appellee-Appellant.**

No. A2184.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Rehearing Denied March 26, 1980.

Robert M. Collie, Jr., City Atty., John R. Wittington, Jr., Paula J. Alexander, Asst. City Attys., Houston, for appellant.

Richard E. Anderson, Sherman A. Ross, Houston, for appellee-appellant.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

J. CURTISS BROWN, Chief Justice.

Clarence R. Cook (Cook), a former assistant fire chief for the City of Houston (the City), sued the City for overtime pay. After a trial to a jury, the court entered judgment in favor of Cook and awarded him $28,403.85 as compensation for the overtime hours. The City and Cook have both appealed.

From January 16, 1974, to January 16, 1976, the time for which Cook is claiming overtime pay, Cook was an Assistant Fire Chief for the defendant City of Houston. He contended that he was required to remain available for call to duty during his off-duty hours during the regular work week. Cook thus claims that he should be compensated for such time at the rate of time and one-half.

The hours of firemen are governed by Tex.Rev.Civ.Stat.Ann. art. 1269p, § 6 (Vernon Supp.1980), which provides in part as follows:

Sec. 6. . . . It shall be unlawful for any city having more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than an average, during a calendar year, of sixty (60) hours per week.

Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work week of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not exceed the number of hours in the normal work week of the majority of the employees of said city other than firemen and policemen.

Provided further, that in computing the hours in the work week of firemen subject to the provisions of the preceding paragraph, there shall be included and counted any and all hours during which such firemen are required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio.

Provided, however, that in any such city having more than ten thousand (10,-000) inhabitants, in the event of an emergency, firemen may be required to work more than the maximum number of hours herein provided; and in such event firemen working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to such firemen for regular hours.

The City contends in its first point of error that Article 1269p, section 6, does not apply to employees in supervisory or management positions. We agree. The pertinent part of the statute states that the hours of fire department employees *"whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men,* shall not exceed the number of hours in the normal work week of the majority of the employees of said city . . . ."* (emphasis added) *Id.* Following the rule of *ejusdem generis,* the term "including but not limited to . . . " should be held to apply to persons or things of the same kind or class as specifically mentioned. *Anguiano v. Jim Walter Homes, Inc.,* 561 S.W.2d 249 (Tex.Civ.App.-San Antonio 1978, writ ref'd n. r. e.). The positions specifically enumerated are basically supportive and clerical, and do not include high level management personnel. It is unreasonable to believe that the Legislature intended to limit to forty hours the time management personnel may expend in the operation of a fire department. Thus we hold that management personnel, such as assistant fire chiefs, are not covered by the provisions of section 6, Article 1269p.

Since we reverse under the City's first point of error, we do not consider the City's remaining points nor do we reach any of Cook's cross-points. We therefore reverse the judgment of the trial court and render judgment that plaintiff take nothing.

Reversed and rendered.