PRIVITT, et al., Appellants,

v.

The CITY OF IRVING, Texas, Appellee.

No. 13–83–210–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 29, 1983.

Rehearing Denied March 15, 1984.

Brian D. Weinstein, Russell W. Budd, Frederick M. Baron & Associates, Dallas, for appellants.

Robert M. Tharp, Asst. City Atty., Irving, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted in favor of the City of Irving.

Members of the City of Irving Fire Department brought suit against the City of Irving for overtime pay they claim entitlement to pursuant to TEX.REV.CIV.STAT. ANN. art. 1269p (Vernon Supp.1982–1983). The record reflects that each appellant was employed at some point in time by the City of Irving Fire Department as a Dispatcher but under the employment classifications of Fire Equipment Operator II or Fire Equipment Operator. Appellants pleaded that, while assigned as dispatchers, their duties did not include fighting fires; and, therefore, they are entitled to compensation for hours in excess of the normal work week of other city employees. Defendant moved, however, for summary judgment, claiming that as a matter of law plaintiffs' duties included firefighting and that no hours worked in the Communications Department by any plaintiff was work pursuant to an emergency which the City contends is required in order to receive overtime pay under art. 1269p.

Appellants assert four grounds of error on appeal. First, appellants claim that the trial court erred in granting the City's motion for summary judgment because the City did not show as a matter of law that appellants' duties included firefighting.

■■■■ The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, no writ). All elements of a cause of action or defense must be conclusively proven as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In a summary judgment, unlike an ordinary trial on the merits, the Court must view the evidence in favor of the non-moving party. In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d at 592–593.

The pertinent language which is at issue is found in TEX.REV.CIV.STAT.ANN. art. 1269p § 6 (Vernon Supp.1982–1983) as follows:

"Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, *the number of hours in the work week of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics*, clerks, investigators, inspectors, fire marshals, *fire alarm dispatchers* and maintenance men, *shall not exceed the number of hours in the normal work week of the majority of the employees of said city other than firemen and policemen."* (Emphasis supplied.)

Appellees' summary judgment proof consisted of various job specifications which, they claim, show as a matter of law that the duties of appellants included firefighting. The summary judgment proof established that at all times each plaintiff was employed under one of the following employment classifications: Fireman, Fire Equipment Operator I, Fire Equipment Operator II, Fire Equipment Operator or Fire Lieutenant.

Under each job specification there was a section entitled *"Controls and Summary"* which said:

"Under general supervision to fight fires, save lives and property, operate and maintain fire fighting apparatus and equipment, and to do related work as required."

Under the job specification for Fire Equipment Operator II there is a subsection entitled "Assignment." There is an assignment entitled "Dispatcher" which includes the following duties:

III. TYPICAL ASSIGNMENTS (Illustrative only)

Dispatcher

Receives fire alarm signals from alarm boxes, and dispatches alarms to appropriate stations by setting transmitters to indicated number of box from which alarm was sent and transmitting signal over inter-communication circuit. Receives fire and other emergency alarms over the telephone; obtains address and nature of emergency; and dispatches proper fire company on basis of the nature of the emergency according to prescribed regulations; records alarms and all movements of apparatus; keeps records on each alarm, such as time received and movement of fire apparatus; and informs station officers of equipment being placed in or out of service. Maintains street index showing fire companies that should respond to alarms received by telephone. Provides general information to the public on calls by telephone. Operates civil defense warning sirens during emergency preparedness and civil defense situations. May inspect inter-communication equipment to insure proper operation."

The City also included the affidavit of Eugene Spellman, the Chief of the Fire Department for the City of Irving. In his affidavit, he testifies to the possible assignments that one who is classified as a Fire Equipment Operator may have. His testimony, by affidavit, was that any member of the Fire Department who is performing the actions and physical tasks required of a person assigned to work in the City of Irving fire alarm office may in the next instant be performing the physical tasks required of an individual assigned to work on a particular piece of fire apparatus and may be directly engaged in the extinguishment of a fire.

Appellants, on the other hand, point out in their response that the job specification of "Fire Equipment Operator II" shows a separate and distinct set of duties assigned to the assignment of dispatcher. Appellants claim that it is clear that during the time period that each plaintiff was a Fire Equipment Operator II assigned as a dispatcher, his duties did not include fighting fires. Appellants also include as summary judgment evidence a brief portion of the deposition of Teddy Privitt. He was asked the question, "When you were assigned as Fire Equipment Operator assigned to the communications section, did your duties include firefighting?" Privitt said: "No." However, the entire deposition of Privitt

was not included in the record on appeal as such and may not be considered as proper summary judgment evidence, since we cannot determine if the abbreviated portion or any or all of the deposition was on file when the trial court considered the case. Appellants' attorney also made an affidavit to which is attached the employment classification that was previously included as part of appellees' proof, the portion of Privitt's deposition and Article 2.8, Irving Fire Department Rules and Regulations as of January, 1979, which was also included as part of the City's summary judgment evidence.

The Supreme Court of Texas has dealt with a similar issue in *Kierstead v. City of San Antonio*, 643 S.W.2d 118 (Tex.1982). Here, six emergency medical technicians sued the city for overtime back pay. They predicated their suit on the art. 1269p § 6 normal work week provision for non-firefighters as a term implied by law in each of their contracts.[1] The Supreme Court interprets art. 1269p § 6 as follows:

"We do not believe that the statute is susceptible to such an unduly restrictive reading. Art. 1269p, § 6 simply distinguishes between fire employees that fight fires and those that do not. Any kind of *official work assignment* that does not include firefighting and exceeds the regular 40 hour week is compensable as overtime unless the Art. 1269p, § 6 right to a maximal 40 hour week has been waived under a FPERA, § 20 collective bargaining agreement." (Emphasis supplied.)

■ Reading the summary judgment proof of both parties in light of the *Kierstead* opinion, we hold that there is a fact issue as to whether the fire equipment operators assigned to the communications section as dispatcher are considered to be an "official work assignment" as has been interpreted by our Supreme Court. If the appellants' "official work assignment" consists of firefighting and occasional dis-

patching, it appears that no overtime would be due. If the "official work assignment" meant being taken off firefighting and put on dispatching as the summary judgment shows, it would appear that overtime would be due. The fact issue presented is whether dispatching is itself an "official work assignment" or simply a part of a broader assignment as Fire Equipment Operator. While the affidavit of Fire Chief Spellman indicates that he may change work assignments at his discretion, the summary judgment evidence is unclear whether this is ever done. This is a fact issue that must be presented to the fact finder as the law so provides. Appellee did not show that as a matter of law that appellants' duty included firefighting. Appellants' first point of error is sustained.

In point of error number three, the appellants contend that the trial court erred in granting the City's motion for summary judgment because appellants claim it is not necessary to show an emergency to qualify for overtime pay. Again, the suit is premised on art. 1269p which states:

"Provided, however, that in any such city having more than ten thousand (10,000) inhabitants, *in the event of an emergency*, firemen may be required to work more than the maximum number of hours herein provided; and in such event firemen working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to such firemen for regular hours."

*Kierstead v. City of San Antonio*, 643 S.W.2d at 121 is again illustrative. The Supreme Court determined that any kind of official work assignment that did not include firefighting and exceeds a 40 hour work week is compensable. No distinction was made in this case between emergency and non-emergency hours worked. In *Kierstead*, the Court found that if the trial court found that the EMT's had not waived

1. These individuals had a municipal labor contract. There is no similar issue in the case at bar.

their rights under art. 1269p § 6, the trial court had a duty to render judgment for the EMT's on *all* uncompensated overtime. Appellant's third point of error must also be sustained.

■ In appellants' fourth point of error, they assert that the trial court erred in determining that the appellants were not "firemen" within the meaning of art. 1269p.

The Supreme Court in *Kierstead v. San Antonio* allowed emergency medical technicians to recover overtime benefits under art. 1269p. While there may have been doubt that the emergency medical technicians duties did not include firefighting, they nevertheless recovered under this statute. Appellants' fourth point of error is likewise sustained.

In appellants' second point of error, they claim the trial court erred in granting the City's motion barring claims prior to March 20, 1977, because appellants' actions clearly fall within the four year statute of limitations under TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon Supp.1982–1983).

It is not necessary for us to rule on the limitations question because we are not sure that appellants will recover in a trial on the merits. Nor are we sure what the proof will show when this case is actually tried. However, the guidelines set out in the *Kierstead* opinion may be dispositive of the question after all the proof is in.

The judgment of the trial court is reversed, and the case is remanded for a trial on the merits.