**Thomas Wayne HARRISON, Thomas B. Landrum, Karl Stowe, and Leroy Bowlin, Appellants,**

v.

**CITY OF VICTORIA, Texas, Appellee.**

**No. 13–86–421–CV.**

Court of Appeals of Texas, Corpus Christi.

April 16, 1987.

Rehearing Denied May 14, 1987.

R. Owen Ricker, Jr., Woody, Gumm, Heintz, & Villfranca, Victoria, for appellants.

Mark B. Taylor, City Atty., Victoria, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

### OPINION

NYE, Chief Justice.

Four Victoria Fire Department employees appeal the summary judgment granted in favor of the City of Victoria on their claims for overtime pay. We reverse and remand for trial.

The employees' claims are for the years 1980 through 1984. Throughout that time period, Section six of the Firemen & Policemen Civil Service Act provided, in relevant part:

It shall be unlawful for any city having more than sixty thousand (60,000) inhabitants but not more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than an average, during a calendar year, of sixty-three (63) hours per week....

Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work week of members of the fire department *whose duties do not include*

*fighting fires,* including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not exceed the number of hours in the normal work week of the majority of the employees of said city other than firemen and policemen.

Provided further, that in computing the hours in the work week of firemen subject to the provisions of the *preceding* paragraph, *there shall be included and counted any and all hours during which such firemen are required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio.*

Provided, however, that in any such city having more than ten thousand (10,-000) inhabitants, in the event of an emergency, firemen may be required to work more than the maximum number of hours herein provided; and in such event firemen working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to such firemen for regular hours. [Emphasis added.]

Act of June 1, 1959, ch. 356, § 1, 1959 Tex.Gen.Laws 781, 781–82, *amended by* Act of June 14, 1985, ch. 725, § 1, 1985 Tex.Gen.Laws 5256, 5256–57; current version at Tex.Rev.Civ.Stat.Ann. art. 1269p, § 6 (Vernon Supp.1987).

The City admitted in response to requests for admissions that the four employees were non-firefighters and that forty hours was the normal work week for city employees. It is also undisputed that the employees were required to be on call during their off-duty hours. The employees stated in their affidavits that, when not at work, they either carried a pager or radio, or telephoned in their whereabouts to the fire department. The employees claim they are entitled to overtime pay under the statute for the hours they were on call. The City asserts that they are not.

As the summary judgment movant, the City has the burden of showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. *Griffin v. Rowden,* 654 S.W.2d 435, 435–36 (Tex.1983); Tex.R. Civ.P. 166–A. Evidence must be viewed in favor of the non-movant, and every reasonable inference must be indulged in favor of the non-movant. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592–93 (Tex.1975); *Privitt v. City of Irving,* 666 S.W.2d 541, 542 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.).

The first and second paragraphs of the statute distinguish between firefighters and non-firefighters. The City contends that the third paragraph should be read to modify the first paragraph of the statute, not the second, such that only *firefighters* may count their on-call hours as work hours. This contention contravenes the plain reading of the statute; paragraph three refers to "the preceding paragraph," and paragraph two applies solely to non-firefighters. The City argues that the legislative intent surely was to compensate only firefighters who had to remain on call, not purely administrative personnel of the fire department. The City cites two cases interpreting an earlier version of the statute. These cases are simply inapplicable since the current statute is substantially different from the version of the statute those courts interpreted. *See Long v. City of Wichita Falls,* 142 Tex. 202, 176 S.W.2d 936 (1944); *City of Galveston v. Frederickson,* 174 S.W.2d 994 (Tex.Civ.App.—Galveston 1943, no writ).

Although the City's position has merit (and has been redressed by the legislature),[1] we must reject it. None of the cases which have at least incidentally dealt with the current statute have given it anything but its literal meaning. As the Supreme Court stated when interpreting this

---

**1.** The current statute, Tex.Rev.Civ.Stat.Ann. art. 1269p, § 6 (Vernon Supp.1987), provides that *both* firefighters *and* non-firefighting employees of fire departments are to receive credit for hours they spend "continuously remaining in contact" with their fire department.

provision, although in a somewhat different context:

> Art. 1269p, § 6 simply distinguishes between fire employees that fight fires and those that do not. *Any kind of official work assignment that does not include firefighting and exceeds the regular 40 hour week is compensable as overtime.* This is the plain meaning of the Art. 1269p, § 6 substantive guarantee of maximal weekly hours....

*Kierstead v. City of San Antonio,* 643 S.W.2d 118, 121 (Tex.1982) (emphasis added); *see also City of Brownsville v. Salazar,* 712 S.W.2d 577, 579 (Tex.App.—Corpus Christi 1986, no writ) (interpreting current statute); *Privitt v. City of Irving,* 666 S.W.2d 541 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). *Cf. City of Houston v. Cook,* 596 S.W.2d 298 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.) (interpreting statutory definition of personnel who are non-firefighting). There is no evidence in the record of a collective bargaining agreement which could alter these statutory rights. *See Kierstead,* 643 S.W.2d at 121; *Salazar,* 712 S.W.2d at 579.

The statute provides that a non-firefighting employee is entitled to overtime pay when the employee is "required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or radio."

The affidavits of the four employees alleged that they were required to remain in continuous contact with their fire department. The City contends on appeal that they were not in continuous contact and had too much freedom while on call to be considered to be working. The City also argues that their being on call does not amount to an official work assignment. These obviously involve material fact issues which will have to be fully developed in a trial on the merits.

We agree with the employees that they, as non-firefighters, may be entitled to overtime pay for hours spent "continuously in contact" with their fire department, if they can show at trial that they also meet the other statutory requirements. The summary judgment was improvidently granted.

The judgment of the trial court is REVERSED and the cause is REMANDED for trial.