Harold ECKLES, James Dean and James Vaughn, Appellants,

v.

CITY OF LUBBOCK and Lubbock Fire Department, Appellees.

No. 07–91–0266–CV.

Court of Appeals of Texas, Amarillo.

July 6, 1992.

Rehearing Denied Aug. 4, 1992.

Van Os, Deats & Owen, B. Craig Deats, Austin, for appellants.

Clark, West, Keller, Butler & Ellis, Allen Butler and Jerry D. Mason, Dallas, John C. Ross, Jr., City Atty., Dennis W. McGill, Lubbock, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellants Harold Eckles, James Dean, and James Vaughn bring this appeal from a take-nothing summary judgment. The judgment arises from a suit filed by them against appellees, the City of Lubbock and the Lubbock Fire Department. In the suit, appellants contend they were entitled to back pay at overtime rates for time they were required to be in an on-call status between April 30, 1984 and September 1, 1987. During that period, they allege, their on-call status was in effect seven

days a week, twenty-four hours a day, excluding regular duty hours, sick days, training periods, vacation and other excused absences.

In four points of error, appellants contend the trial court erred in granting appellees' motion for summary judgment and denying appellants' claims for overtime compensation and attorneys fees and costs. We affirm the judgment of the trial court.

Because this is an appeal from a summary judgment, the issues before us must be resolved within the framework of settled principles of summary judgment law. A movant is entitled to a summary judgment when the movant establishes (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Jinkins v. Bryan,* 763 S.W.2d 539, 541 (Tex.App.—Amarillo 1988, writ denied). The movant, against whom all doubts are resolved, has the burden of establishing both elements. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pled by the plaintiff, *Gibbs v. General Motors Corporation,* 450 S.W.2d 827, 828 (Tex.1970), or, if the defendant has conclusively established every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Acker v. Texas Water Com'n,* 790 S.W.2d 299, 301–02 (Tex.1990).

Appellants' claims are based upon former article 1269p, section 6, Texas Revised Civil Statutes Annotated.[1] Two versions of the statute apply to the time period covered by appellants' claims, one prior to June 14, 1985 ("the pre–1985 version"), and the other effective on and after that date ("the 1985 version"). The statute relates to the number of hours and days in the work week or work cycle of certain fire department members. To set out the text of the pertinent provisions of both versions without unnecessary repetition, we adopt the format used by the Legislature, in which the language unique to the pre–1985 version is bracketed and struck over, the language added by the 1985 version is italicized, and the language common to both is in ordinary roman type:

(a) It shall be unlawful for any city having more than ten thousand (10,000) inhabitants but not more than sixty thousand (60,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than seventy-two (72) hours during any one calendar week. It shall be unlawful for any city having more than sixty thousand (60,000) inhabitants but not more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than an average, during a calendar year, of sixty-three (63) hours per week. It shall be unlawful for any city having more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than an average, during a calender year, of sixty (60) hours per week.

(b) Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work *cycle* [week] of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not, *except in an emergency, average more hours in a week than* [exceed] the number of hours in the normal work week of the majority of the employees of said city other than *fire fighters and police officers. The number of days on duty in a work week or the average number of days on duty per week in a*

---

1. The relevant provisions of the statute have now been codified at Tex. Local Gov't Code Ann. § 142.0015 (Vernon Supp.1992).

work cycle of an employee subject to this subsection may not exceed the number of days on duty during the work week of the majority of the employees of the city other than fire fighters and police officers. In this section, "work cycle" means that period of time in a posted work schedule starting at the time the cycle begins and ending at the time the cycle begins to repeat itself. The cycle may span any number of weeks or days or a portion of a week or day [firemen and policemen].

(c) Provided further, that in computing the hours in the work week *or the average number of hours in a work week in a work cycle of a fire fighter or other member of the fire department* [of firemen] subject to the provisions of *this section* [the preceding paragraph], there shall be included and counted any and all hours during which such *fire fighter or other member of the fire department is* [firemen are] required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or radio.

(d) *A fire fighter or other member of the fire department who is required in an emergency to work more hours in a work week or work cycle than authorized by Subsection (a) or (b) of this section is entitled to be paid overtime for the excess hours worked in accordance with Subsection (e) of this section without regard to the number of hours worked in any one week of the work cycle.*

(e) *A fire fighter or other member of the fire department* [Provided, however, that in any such city having more than ten thousand (10,000) inhabitants, in the event of an emergency, firemen] may be required to work more than the maximum hours herein provided; and in such event *the fire fighter or other member of the fire department* [firemen] working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to *the*

fire fighter or other member of the fire department [such firemen] for regular hours.[2]

In *City of Dallas v. Spainhouer*, 758 S.W.2d 611 (Tex.App.—Dallas 1988, writ denied), the court addressed a claim similar to that made by these appellants. In that case, the court stated:

> Spainhouer argues that the third paragraph of the pre–1985 version of the statute and paragraph (c) of the 1985 version entitle him to overtime pay for all hours he was subject to call by radio, telephone or pager, even though he was free to go about his personal business and in fact did so. However, Spainhouer's argument ignores the last paragraph of the pre–1985 version and the last two paragraphs of the 1985 version. Those provisions require overtime pay only for hours actually *worked* [original emphasis] in excess of the maximum set by the statute. The statute nowhere requires cities to pay members of the fire department for hours not spent on the job.

This distinction between hours actually worked and hours free for personal use subject to call was drawn more clearly by the Legislature in its 1987 amendments to section 6(c) ("the 1987 version"). Again, we adopt the format used by the Legislature for showing the changes from the 1985 version to the 1987 version:

> (c) Provided further, that in computing the hours in the work week or the average number of hours in a work week in a work cycle of a fire fighter or other member of the fire department subject to the provisions of this section *and Section 207(k) of Title 29, United States Code*, there shall be included and counted any and all hours during which such fire fighter or other member of the fire department is required to remain *on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes. The time a*

**2.** The 1985 version is Act of June 14, 1985, 69th Leg., R.S., ch. 725, § 1, 1985 Tex.Gen.Laws 2522–2523. The pre–1985 version is Act of June 1, 1959, 56th Leg., R.S., ch. 356, § 1, 1959 Tex. Gen.Laws 781–782.

*person is required to leave a telephone number where he or she may be reached, or is required to remain accessible by radio or pager is not considered as hours worked [~~available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio~~]. In computing the hours in the work week or the average number of hours in a work week in a work cycle of fire fighter or emergency personnel vacation, sick time, holidays, time in lieu of holidays or compensatory time may be excluded as hours worked.* [footnote omitted]

This amendment makes clear that by the pre–1987 language, "available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio", [sic] the Legislature meant "on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes." The amendment demonstrates that the Legislature never intended to require cities to pay members of the fire department overtime for hours during which they were merely "accessible".

*Id.* at 614–15. In *Tijerina v. City of Tyler,* 822 S.W.2d 799 (Tex.App.—Tyler 1992, writ granted), the court agreed with the *Spainhouer* court's reasoning and construction of the statute.

■ We agree with the Dallas court that the Legislature did not intend, either in the pre–1985 or 1985 versions of the statute, to require cities to pay members of the fire department overtime for hours during which they were merely accessible. Rather, the legislative intent of the statute was that such members were to be paid overtime for the hours during which they were required to remain on employer's premises or so close thereto that he or she could not use the time effectively for their own purposes. However, we have some difficulty with the court's use of the language of the 1987 amendment to buttress that conclusion.

■ It is a well established general rule that by enacting an amendment to a statute the Legislature intended to make some change in the existing law. *American Surety Co. of New York v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715, 719 (Tex.Comm'n App.1931, judgm't adopted); *Buckner Glass & Mirror v. T.A. Pritchard Co.,* 697 S.W.2d 712, 714 (Tex.App.—Corpus Christi 1985, no writ). In the absence of some showing, either by legislative history or otherwise, that the intent of the Legislature in adopting the amendment was to clarify the phrase in question, that rule would seem to be applicable. The present circumstances do not present a situation where that presumption is overcome. *Compare Adams v. Bd. of Chiropractic Examiners,* 744 S.W.2d 648, 656 (Tex. App.—Austin 1988, no writ) (presumption overcome where amendment merely recited what the courts had previously interpreted a statute to mean and similar provision existed in another section of the statute).

That being true, we do not find the language of the 1987 amendment to be determinative of the question before us. However, we do find persuasive the Dallas court's observation that the argument that the third paragraph of the pre–1985 version of the statute and paragraph (c) of the 1985 version entitle appellants to their recovery, ignores the effect of the pre–1985 version and the last two paragraphs of the 1985 version. As it noted, those provisions require overtime pay only for hours actually worked in excess of the maximum set by the statute and the statute nowhere requires cities to pay members of the fire department for hours not spent on the job.

■ Additionally, this court has noted the rule that where a statute is capable of two constructions, one of which would favor an officer contending for compensation from a political subdivision of the government and the other would not so favor the officer, the construction should favor the government. *Allen v. Davis,* 333 S.W.2d 441, 444 (Tex.Civ.App.—Amarillo 1960, writ ref'd n.r.e.). Logically, that same rule should be applied in a case such as this in which an employee seeks additional compensation from a political subdivision of this state.

 Moreover, we interpret the pre–1987 language as requiring communication which continues without intermission or which recurs regularly only after minute interruptions in order to be entitled to the overtime compensation in question. For those hours to be compensable, the pre–1985 and 1985 versions of the statute require the fire members to be "available for immediate call to duty by *continuously remaining in contact* with a fire department office by telephone or by radio." (emphasis added). The definition of "continuous" which is most appropriate for this context is "continuing without intermission or recurring regularly after minute interruptions." *See* Webster's Third New International Dictionary 493–94 (1976). The most appropriate definition of "contact," within this context, is "an instance of establishing communication with someone." *See* Webster's Third New International Dictionary 490 (1976).

Recognizing that to be available for immediate call to duty within the purview of the statute would severely restrict, if not eliminate, a fire member's pursuit of any personal interests, the Legislature made such time periods compensable. This is especially apparent when considering the technology prevalent in 1959 and 1985, when the two pertinent versions of the statute were enacted. If the Legislature would have chosen to compensate fire members for periods during which the members were merely accessible by telephone, radio, or pager, the Legislature could have included language indicating that intention. It did not do so.

Accordingly, and in reiteration, while our reasoning is somewhat different, we arrive at the same conclusion as did the Dallas court, *i.e.*, to be entitled to overtime pay under the provisions of the pre–1985 and 1985 versions of the statute at issue here, the employee must have been required to be on the employer's premises or so close thereto that the employee could not use the time effectively for his own purposes.

To the extent that *Harrison v. City of Victoria*, 730 S.W.2d 119 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.), and *City of Brownsville v. Salazar*, 712 S.W.2d 577 (Tex.App.—Corpus Christi 1986, no writ), can be interpreted as holding contrary to our interpretation of article 1269p, section 6, we find such cases unpersuasive.

 The summary judgment evidence established that during the periods appellants were on call, they were not in continuous contact with the fire department within the purview of the applicable statutes. Rather, appellants were merely accessible by telephone, radio, or pager. We must, therefore, overrule appellants' four points of error.

The judgment of the trial court is affirmed.