Dennis BROWN, Appellant,

v.

BROOKSIDE DIVISION OF SAFEWAY STORES, INC., Appellee.

No. 5379.

Court of Civil Appeals of Texas, Waco.

Dec. 5, 1974.

Wilson F. Walters, Denison, for appellant.

Charles H. Gullett, Charles O. Smyre, Denison, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Dennis Brown from summary judgment that he take nothing in a suit for damages for wrongful discharge from employment by defendant.

Plaintiff, a former employee of defendant, sued defendant for damages, alleging he was unjustly discharged on October 13, 1971, that his discharge was "wrongful"; that he has sustained $15,718.40 damages, for which he prayed, plus exemplary damages and attorney's fees.

Defendant answered by Plea in Bar; Plea in Abatement; Alternative Answer; and moved for summary judgment that plaintiff take nothing.

The trial court granted defendant's motion for summary judgment and decreed plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in sustaining defendant's motion for summary judgment."

Defendant's motion for summary judgment asserted plaintiff's pleadings on their face disclose that he failed to comply with the terms of the written contract between plaintiff's union and defendant, and that plaintiff failed to exhaust his remedies afforded under such contract.

Such contract was attached as an exhibit to motion for summary judgment. It provides in Section 20 Section D that:

"The Grievance procedure and arbitration provided herein shall constitute the sole and exclusive method of determination decision, adjustment or settlement between the parties of any and all grievances as herein defined and the grievance procedure and arbitration provided

herein shall constitute the sole and exclusive remedy to be utilized by the parties hereto for such determination, decision, adjustment or settlement of any and all grievances as herein defined."

Article 20, Section 3 provides that if a matter is not settled by the "Shop Committee" within 2 days then it shall be referred to the Business Representative of the Union; and "If no satisfactory adjustment is reached within 5 working days, either party may submit the dispute to Arbitration in the manner herein provided."

And the contract provides for discharge of an employee on "failure to perform work as assigned."

Defendant further filed the affidavit of Frank K. Massey; its local representative, who stated he was custodian of defendant's records; that, plaintiff was terminated for absenteeism; that plaintiff filed a grievance for such discharge with the President of his union on October 15, 1971, and that the grievance was denied on October 21, 1971; that plaintiff made no request for arbitration; thus plaintiff did not exhaust the remedies provided for in the contract.

Attached to the affidavit are copies of plaintiff's work record reflecting plaintiff did not complete one 40-hour week from January 2, 1971, through March 20, 1971; and did not complete thirteen 40-hour weeks from April 27, 1971, to October 9, 1971.

And attached to the affidavit are copies of plaintiff's grievance complaint; and the denial of such grievance complaint.

Plaintiff filed no controverting affidavits or other matter, but relies solely on his First Amended Original Petition.

■ Thus the record on summary judgment established without contradiction that: 1) plaintiff was discharged from his employment for absenteeism; 2) that plaintiff did not exhaust the remedies under the contract between his union and his employer.

He filed a grievance; it was denied; but he did not avail himself of the appellate procedure of arbitration provided for in Article 20 Section 3.

The record disclosed without dispute that plaintiff did not exhaust his grievance remedies provided for in the contract between his union and his employer.

■ Grievance procedures contracted upon by the employer and the union which represents the employee are the employee's exclusive method by which he must seek redress if so provided by the Company-Union contract, and the employee may not maintain a suit to litigate his controversy against the employer until such grievance procedures have been exhausted. Lindsey v. General Dynamics Corp., Tex.Civ.App. (Waco) NWH, 450 S.W.2d 895; Duckstein v. General Dynamics Corp., Tex.Civ. App. (Ft. Worth) NRE, 499 S.W.2d 907; Swilley v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App. (Galveston) Er.Dismd., 96 S.W.2d 105; Glass v. Hoblitzelle, Tex. Civ.App. (Dallas) Er.Dismd., 83 S.W.2d 796; Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842.

Plaintiff's point is overruled.

The judgment is modified so as to decree that the action is dismissed. As modified the judgment is affirmed. Lindsey v. General Dynamics Corp., supra.

Modified and affirmed.