The CITY OF
BROWNSVILLE, Appellant,

v.

Raul SALAZAR, Appellee.

No. 13–85–278–CV.

Court of Appeals of Texas,
Corpus Christi.

May 29, 1986.

Kip Van Johnson-Hodge, City Atty., Brownsville, for appellant.

Frank Costilla, Brownsville, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

OPINION

BENAVIDES, Justice.

This is an appeal from an award of overtime pay to appellee while in the employ of the City of Brownsville (the City). Appellee was awarded a judgment of $33,424.45, together with interest, pursuant to the Firemen & Policemen Civil Service Act.[1]

Appellant brings two points of error, claiming that the trial court erred in retaining jurisdiction over the subject matter, and that the trial court erred in holding that appellee's "on-call" status entitled him to overtime pay.

No findings of fact or conclusions of law were filed or properly requested. Where findings of fact or conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In Re W.E.R.*, 669 S.W.2d 716 (Tex.1984).

Appellee began working as a fire inspector in the "classified service" for the City on May 1, 1980. This suit involves the period he worked from January 1, 1982, through September 30, 1983. Appellee's duties as fire inspector were non-suppression, non-managerial duties. Appellee worked a normal forty hour work week.[2]

After a trial to the court, the trial court held that appellee was required to remain available for immediate call to duty after his normal work hours by continuously remaining in contact with the Fire Department office by telephone or radio on an "on-call" status, and worked for the City on an "on-call" status for 3,274 uncompensated hours between January 1, 1982 and September 30, 1983. In addition, the court determined that appellee was not required

---

1. TEX.REV.CIV.STAT.ANN. Art. 1269p § 6 (Vernon 1959).

2. It was stipulated at trial that the normal work week of the majority of employees of the City other than firemen and policemen is 40 hours per week.

to follow the grievance procedure outlined in the Collective Bargaining Agreement entered into between the City and the Fire Fighters Association Local No. 970, of which appellee was a member.

■ Appellant argues that the trial court lacked jurisdiction to consider this case because appellee had not exhausted his remedies available under the collective bargaining agreement.

According to the agreement, Article XXII, Grievance Procedure, provides in pertinent part the following:

B. The City and the Association agree that only grievances involving the interpretation, the application or an alleged violation of a specific clause of this collective bargaining agreement may be submitted to grievance procedure. *Matters subject to Fire & Police Civil Service Regulations are not subject to this grievance procedure.* [Emphasis ours.]

In order to trigger the grievance procedure, therefore, one must allege a violation of a specific provision or clause in the agreement.[3] However, no specific provision or clause exists addressing the issue of "stand-by" pay for fire inspectors. Moreover, the cases upon which appellant relies dealt with comprehensive bargaining agreements which set forth very clear and specific remedies for grievance proceedings. Also, all of the cases involved actions for wrongful termination of employment. *See Spainhouer v. Western Electric Co.,* 615 S.W.2d 190 (Tex.1981); *Thompson v. Monsanto Co.,* 559 S.W.2d 873 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *Brown v. Safeway Stores,* 517 S.W.2d 619 (Tex.Civ.App.—Waco 1974 no writ); *Duckstein v. General Dynamics Corp.,* 499 S.W.2d 907 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). The appeal before us concerns "stand-by" overtime compensation, and lacks a comprehensive bargaining agreement upon which appellant can rely.

"Stand-by" status for fire inspectors is addressed under the Fire & Police Civil Service Regulations. TEX.REV.CIV. STAT.ANN. Article 1269p § 6 (Vernon's 1959). The following provisions are relevant:

(b) ... in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work cycle of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, *inspectors,* fire marshals, fire alarm dispatchers and maintenance men, shall not, except in an emergency, average more hours in a week than the number of hours in the normal work week of the majority of the employees of said city other than fire fighters and police officers ...

(c) Provided further, that in computing the hours in the work week or the average number of hours in a work week in a work cycle of a fire fighter or other member of the fire department subject to the provisions of this section, *there shall be included and counted any and all hours during which such fire fighter or other member of the fire department is required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio.* [emphasis ours.]

Appellee's complaint regarding his "stand-by" status was subject to the regulation, and not to the collective bargaining agreement. The trial court had the authority to consider this case without first requiring appellee to seek relief through grievance procedures. We overrule appellant's first point of error.

■ In its second point, the City claims that the trial court erred in holding that appellee was required to remain available for immediate call to duty by remaining in

**3.** The Collective Bargaining Agreement involved herein provided in Article XXIIIA as follows:
    A. A grievance is a claim that the city, a member, or the association has violated an express provision of this agreement and does not include any discharge or disciplinary matter.

contact with the Fire Department office by telephone or by radio because "the statutory and contractual definition of 'paid overtime' expressly excludes the 'on-call' status encompassed by [appellant's] claim." Appellant argues that the amount awarded appellee is erroneous, because it can only be calculated by using both the provisions of Art. 1269p and the union contract.

Appellant relies on *Kierstead v. City of San Antonio,* 643 S.W.2d 118 (Tex.1982), for the proposition that appellee waived his right to recover overtime compensation under Art. 1269p § 6, because the overtime benefits of Art. 1269p are inconsistent with the overtime provisions of the collective bargaining agreement.

Under Article XX of the agreement, involving overtime pay, an employee in the classified service is to be compensated at time-and-a-half under four situations: (1) work performed in excess of 56 hours per week; (2) early reporting time: call to work prior to starting regular shift; (3) hold-over time: remaining at work at end of regular shift; and (4) call-back time: being called back to work within two hours of the beginning or ending of a normal work shift, or to complete unfinished work on any normal duty day.

The trial court found provision (1) applicable in that appellee does not begin to accumulate overtime hours until he has worked in excess of 56 hours per week. Everything in excess of 56 hours per week is therefore calculated at time-and-a-half, pursuant to the contract.

The overtime provisions of the agreement are silent, however, on the issue of "on-call" status; upholding recovery under Art. 1269p would not be inconsistent with the other provisions of the agreement. We fail to see that the parties have indicated that "stand-by" or "on-call" pay is to be uncompensated time rather than "work performed" under the agreement simply due to the fact the agreement is silent on the issue. There is no dispute before us on the hours of the alleged "on-call" status. The "on-call" status can only be definitively resolved by Art. 1269p § 6. The

bargaining agreement is at best ambiguous on appellee's claimed "on-call" time compensation claim. On the contrary, this is the type of situation for which Art. 1269p § 6 is to apply.

In *Kierstead,* the Supreme Court specifically stated that:

Any kind of official work assignment that does not include firefighting and exceeds the regular 40 hour week is compensable as overtime unless the Art. 1269p, § 6 right to a maximal 40 hours week has been waived under a FPERA, § 20 collective bargaining agreement. This is the plain meaning of the Art. 1269p, § 6 substantive guarantee of maximal weekly hours as it is read within the context of collective bargaining rights given to police and fire employees under § 20 of FPERA; where, as here, the relationship of the statute has such a plain meaning it must be given direct effect by the courts. Empire Gas & Fuel Co. v. State, 47 S.W.2d 265, 271 (1932).

\* \* \* \* \* \*

If the trial court found that the EMTs had not waived their Art. 1269p, § 6 hourly guarantees for the contracts in FY 1975 through FY 1977, as it impliedly did, it had a duty to render judgment for the EMTs on all of the work done as uncompensated overtime regardless of the kind of work it was. Tex.R.Civ.Pro. 301. The City itself gave the critical trial testimony that the EMTs worked full-time 56 hour weeks as of the date of their assignment to the emergency medical service; that such work included training periods; and that they received no overtime pay. On this record alone, the EMTs made out a prima facie case for overtime compensation for all work periods, including training time, and should have received a judgment accurately reflecting all such overtime due them.

*Kierstead,* 643 S.W.2d at 121.

Appellee testified regarding his "on-call" status, and introduced records of the times he was on-call during the time in question.

He understood that "on-call" status meant to be prepared to go to the scene of the emergency whenever he was called, and understood that being "on-call" was a mandatory duty. Several witnesses testified with regard to the meaning of "on-call" or "standby" status, and the assistant fire chief distinguished "on-call" as opposed to "call-back" status, emphasizing that to be "on-call" is a mandatory duty. Wherever appellee was located while "on-call," it is clear from the evidence that he was required to respond when contacted, and was entitled to overtime compensation by statute. *See Privitt v. City of Irving*, 666 S.W.2d 541, 544 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). We find no error in the manner by which the trial court arrived at its amount of judgment. We overrule appellant's second point of error, and AFFIRM the trial court judgment.