**Anthony TIJERINA, Appellant,**

v.

**CITY OF TYLER, Appellee.**

**No. 12–89–00182–CV.**

Court of Appeals of Texas, Tyler.

Jan. 16, 1992.

Rehearing Denied Feb. 11, 1992.

Richard N. Countiss, Houston, for appellant.

Sharon K. Fisher, Tyler, for appellee.

COLLEY, Justice.

This is a summary judgment case. The trial court granted defendant/appellee City of Tyler's (hereinafter "City") motion for summary judgment against plaintiff/appellant Antony Tijerina (hereinafter "Tijerina"). Tijerina worked as a fire investigator for the City during the period of time from September 24, 1984, through April 24 or 27, 1987, following a six month training period. Under his verbal contract of employment, Tijerina worked a regular forty-hour work week, Monday through Friday, but also during his off hours when he was not on the job actually working, he was required to remain continuously "on call" by use of a radio pager or a walkie-talkie.

Tijerina's deposition testimony conclusively establishes that he was properly paid for all overtime work duty after recall by allowed "comp. time" or actual overtime pay. Tijerina stated that he worked a normal or regular work week of forty hours, that is eight hours a day, Monday through Friday of each week. As framed by his pleadings, the sole issue in this case is whether Tijerina is entitled to recover one and one-half times his hourly wage rate for the hours he was subject to recall for regular duty with the Tyler Fire Department.

Tijerina also correctly contends that his suit "is grounded on the [two] pre–1987 versions of [former] TEX.REV.CIV.STAT.ANN. art. 1269p, § 6."[1]

---

1. These statutes, as they appear in Act of May 12, 1959 ch. 356, § 1, 1959 Tex.Gen.Laws 781–782 and Act of May 26, 1985, ch. 725, § 1, 1985 Tex.Gen.Laws 2522–2523, are attached hereto as appendix A.

Hence, we must decide whether under these two versions of former article 1269p, Tijerina is entitled to pay at the rate of one and one-half times his regular pay for the time he spent subject to recall for duty above his forty-hour regular duty time.

Tijerina argues that the versions of 1269p in place during the time of his employment with the City, September 24, 1984, through April 24 or 27, 1987, were "plain and unambiguous" and hence, the courts of this state are not authorized to resort to construction aids such as legislative purpose, legislative history or public policy, citing, *Harris v. City of Fort Worth*, 142 Tex. 600, 180 S.W.2d 131, 133 (1944). Tijerina asserts that the courts in construing a statute must follow the "rules for civil statutes [that] 'words shall be given their ordinary meaning' TEX.GOV'T CODE ANN. § 312.002(a) (Vernon 1988); *Taylor v. Fireman's [Firemen's] and Policeman's [Policemen's] Civil Service*, 616 S.W.2d 187, 189 (Tex.1981)." The City in its response, in addition to other arguments, contends that both versions of the statutes are indeed ambiguous, thereby authorizing this Court to make an interpretation thereof that would be reasonable, and one that ascertains legislative intent.

We disagree with both positions. It is the responsibility of the courts of this state to enforce unambiguous civil statutes as written; however, all parts of the statute must be read together so that each part retains its meaning. Said another way, this Court "must look to the entire Act in determining the legislature's intent with respect to a specific provision." *Taylor v. Firemen's and Policemen's Civil Service*, 616 S.W.2d at 190 (citation omitted).

The principal authority relied on by the City for support of the summary judgment is *City of Dallas v. Spainhouer*, 758 S.W.2d 611 (Tex.App.—Dallas 1988, writ denied). The Dallas Court, in an appeal from the summary judgment rendered in favor of Spainhouer, a fire department photographer, and from the trial court's denial of the City of Dallas' motion for summary judgment, reversed the judgment in favor of Spainhouer, and in effect granted the City's motion for summary judgment. In so doing, the Dallas Court of Appeals, confronted with undisputed facts virtually identical with those in this case, wrote, "[w]e hold that this statute, properly construed, does not entitle Spainhouer to be paid for hours not actually worked on the job." *Spainhouer*, 758 S.W.2d at 612.

We agree with *Spainhouer*'s rationale and its construction of the statute at hand; and, since the summary judgment evidence in this case conclusively establishes that Tijerina was fully compensated for all overtime work he actually performed after recall to duty, in addition to his regular working hours, we will affirm the judgment.

## JUDGMENT

THIS CAUSE came on to be heard on the transcript of the record and the same being inspected, it is the opinion of this Court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court be, and the same is, hereby in all things affirmed. It is further ORDERED that Appellant, Antony Tijerina, and Lawyer's Surety Corp., surety on appellant's appeal bond, pay all costs in this cause on appeal for which let execution issue; and that this decision be certified to the court below for observance.

## APPENDIX A

## CHAPTER 725

## H.B. No. 1481

An Act relating to the number of hours and days in the work week or work cycle of certain fire fighters.

*Be it enacted by the Legislature of the State of Texas:*

SECTION 1. Section 6, Chapter 38, Acts of the 49th Legislature, Regular Session, 1945 (Article 1269p, Vernon's Texas Civil Statutes), is amended to read as follows:

Sec. 6. CITIES OVER 10,000; HOURS OF LABOR. *(a)* It shall be unlawful for any city having more than ten thousand

(10,000) inhabitants but not more than sixty thousand (60,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than seventy-two (72) hours during any one calendar week. It shall be unlawful for any city having more than sixty thousand (60,000) inhabitants but not more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than an average, during a calendar year, of sixty-three (63) hours per week. It shall be unlawful for any city having more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any *fire fighter* [fireman] to work more than an average, during a calendar year, of sixty (60) hours per week.

*(b)* Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work *cycle* [week] of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not, *except in an emergency, average more hours in a week than* [exceed] the number of hours in the normal work week of the majority of the employees of said city other than *fire fighters and police officers. The number of days on duty in a work week or the average number of days on duty per week in a work cycle of an employee subject to this subsection may not exceed the number of days on duty during the work week of the majority of the employees of the city other than fire fighters and police officers. In this section, "work cycle" means that period of time in a posted work schedule starting at the time the cycle begins and ending at the time the cycle begins to repeat itself. The cycle may span any number of weeks or days or a portion of a week or day* [firemen and policemen].

*(c)* Provided further, that in computing the hours in the work week *or the average number of hours in a work week in a work cycle of a fire fighter or other member of the fire department* [of firemen] subject to the provisions of *this section* [the preceding paragraph], there shall be included and counted any and all hours during which such *fire fighter or other member of the fire department is* [firemen are] required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio.

*(d) A fire fighter or other member of the fire department who is required in an emergency to work more hours in a work week or work cycle than authorized by Subsection (a) or (b) of this section is entitled to be paid overtime for the excess hours worked in accordance with Subsection (e) of this section without regard to the number of hours worked in any one week of the work cycle.*

*(e) A fire fighter or other member of the fire department* [Provided, however, that in any such city having more than ten thousand (10,000) inhabitants, in the event of an emergency, firemen] may be required to work more than the maximum number of hours herein provided; and in such event *the fire fighter or other member of the fire department* [firemen] working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to *the fire fighter or other member of the fire department* [such firemen] for regular hours.

Sec. 6. It shall be unlawful for any city having more than ten thousand (10,000) inhabitants but not more than sixty thousand (60,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than seventy-two (72) hours during any one calendar week. It shall be unlawful for any city having more than sixty thousand (60,000) inhabitants but not more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any

fireman to work more than an average, during a calendar year, of sixty-three (63) hours per week. It shall be unlawful for any city having more than one hundred twenty-five thousand (125,000) inhabitants, according to the last preceding Federal Census, to require or permit any fireman to work more than an average, during a calendar year, of sixty (60) hours per week.

"Provided further, that in any city having more than ten thousand (10,000) inhabitants, according to the last preceding Federal Census, the number of hours in the work week of members of the fire department whose duties do not include fighting fires, including but not limited to mechanics, clerks, investigators, inspectors, fire marshals, fire alarm dispatchers and maintenance men, shall not exceed the number of hours in the normal work week of the majority of the employees of said city other than firemen and policemen.

"Provided further, that in computing the hours in the work week of firemen subject to the provisions of the preceding paragraph, there shall be included and counted any and all hours during which such firemen are required to remain available for immediate call to duty by continuously remaining in contact with a fire department office by telephone or by radio.

"Provided, however, that in any such city having more than ten thousand (10,000) inhabitants, in the event of an emergency, firemen may be required to work more than the maximum number of hours herein provided; and in such event firemen working more than the maximum hours herein provided shall be compensated for such overtime at a rate equal to one and one-half times the compensation paid to such firemen for regular hours."