COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| | | No. 08-06-00245-CV |
| IN THE INTEREST OF | § | |
| | | Appeal from |
| A.D.P., A CHILD. | § | |
| | | 143rd District Court |
| | § | |
| | | of Ward County, Texas |
| | § | |
| | | (TC # 06-03-21179-CVW) |
| | § | |

**O P I N I O N**

Ida Mae Parmer and Jaimee Collins appeal from an order appointing Tammie Lobstein and Allen Morton as the sole managing conservators of A.D.P. Finding no error, we affirm.

**FACTUAL SUMMARY**

Mary Anna Parmer is the biological mother of Ida Mae Parmer. Ida Mae Parmer is the biological mother of Jaimee Collins. Ida Mae's parental rights to Jaimee were terminated and Jaimee was adopted by her grandmother, Mary Anna. A.D.P. was born to Jaimee on October 18, 1999. In 2001, Jaimee's parental rights to A.D.P. were terminated[1] and he was adopted by his maternal great-grandmother, Mary Anna Parmer. By virtue of these terminations and adoptions, Ida Mae and Jaimee are A.D.P.'s sisters.

A.D.P. resided in Ward County with Mary Anna from the date of his birth until her death on December 25, 2005. Mary Anna began receiving cancer treatment in June 2005. Ida Mae placed her in a nursing home in Limestone County where she remained until her death. Due to

---

[1] The parental rights of A.D.P.'s father were also terminated.

Mary Anna's illness, Ida Mae withdrew A.D.P. from the Pecos-Barstow-Toyah Independent School District in early November 2005 and took him to her home in Limestone County. In her will, Mary Anna left her entire estate to A.D.P. and appointed Jaimee to be the guardian of the person and estate of A.D.P. if he was a minor at the time of her death. Alternatively, she appointed Ida Lou Hallmark in the event Jaimee failed or ceased to act as guardian. The will authorized the executor, Ida Mae, to distribute the whole or any part of the estate to A.D.P. or to his guardian, or to the person or persons with whom A.D.P. resided.

Following Mary Anna's death, Ida Mae placed A.D.P. in the care of Tammie Lobstein and Allen Morton who are not related to him. Tammie enrolled the child in school in Ward County on January 23, 2006. On March 6, Ida Mae notified Tammie of her intent to remove A.D.P. from Ward County. Tammie and Allen immediately filed an application for temporary guardianship in the Ward County Court (the county court), and on March 9, the county judge appointing them as temporary guardians until May 8. The same day, Tammie and Allen filed a suit affecting the parent-child relationship (SAPCR) seeking to be appointed the non-parent sole managing conservators of A.D.P. The 143rd District Court (the district court) issued a temporary restraining order prohibiting Ida Mae, acting directly or in concert with others, from removing the child from the court's jurisdiction or visiting the child at school without the advance knowledge and permission of Tammie and Allen. On March 12 or 13, Jaimee tried to pick the child up from school in Ward County.

On April 28, Ida Mae and Jaimee filed a counter-petition seeking to be appointed the sole managing conservators of A.D.P.[2] and a motion to transfer venue of the SAPCR to Limestone

___

[2] A former parent whose parent-child relationship with the child has been terminated by court order does not have standing to file an original suit under Chapter 102 of the Family Code unless the parent has a continuing right to possession of or access to the child under an existing court order or has the consent of the child's managing conservator,

County because the child resided there. They also filed a motion in the county court to transfer the contested guardianship to the district court and a motion to transfer venue of the guardianship proceeding to Limestone County. Finally, they filed an application to be appointed the temporary guardians of A.D.P. On April 28, the county court extended the temporary guardianship until June 26 or until entry of an order establishing conservatorship in the district court, whichever occurred first. The county court entered an order on May 1 transferring the contested guardianship proceeding to the district court which in turn filed the guardianship proceeding in the SAPCR cause.[3]

Following a hearing on June 1, the district court denied the motion to transfer venue of the guardianship proceeding to Limestone County because at the time of Mary Anna's death, her residence and the residence of A.D.P. was Ward County. The trial court also found that Tammie and Allen had standing to file their application for appointment as temporary guardians. It appointed Tammie and Allen as the sole managing conservators of A.D.P. and granted Ida Mae's request for reasonable access. By its own terms, the temporary guardianship expired upon the entry of the order establishing the conservatorship.[4] Ida Mae and Jaimee (Appellants) timely filed notice of appeal.        **THE GUARDIANSHIP PROCEEDING**

In their first issue for review, Appellants raise multiple issues pertaining to the

---

guardian, or legal custodian to bring suit. TEX.FAM.CODE ANN. § 102.006(a)(1),(b)(1)(2)(Vernon Pamphlet 2008). But the limitations imposed by Section 102.006 do not apply to an adult sibling of the child if the adult sibling files an original suit or a suit for modification requesting managing conservatorship of the child not later than the 90th day after the date the parent-child relationship between the child and the parent is terminated in a suit filed by the Department of Family and Protective Services. TEX.FAM.CODE ANN. § 102.006(c).

[3] Section 609 of the Probate Code authorizes the transfer of a contested guardianship to a court of competent jurisdiction in which a suit affecting the parent-child relationship is pending. TEX.PROB.CODE ANN. § 609 (Vernon 2003).

[4] Appellants allege in their brief that the guardianship proceeding was dismissed but there is no dismissal order in the clerk's record.

guardianship proceeding and the temporary guardianship order. First, they complain that the county court did not have authority to appoint Tammie and Allen as temporary guardians of A.D.P. because venue was proper in Limestone County. Second, they argue that Tammie and Allen's application for appointment as guardians did not meet the requirements of Section 875 of the Probate Code. Third, Appellants contend that the district court erred by failing to hear the guardianship petitions before ruling on the SAPCR.

*Venue*

Appellants claim that the county court lacked authority to appoint Appellees as temporary guardians because the proper venue of the guardianship proceeding was in Limestone County. They also challenge the district court's denial of their motion to transfer the guardianship proceeding to Limestone County. Regardless of whether venue was proper in Ward County, the county court did not lack jurisdiction of the guardianship proceeding. A county court has the general jurisdiction of a probate court and as a probate court, it has the authority to appoint guardians of minors. TEX.PROB.CODE ANN. § 605 (Vernon 2003). Section 610 governs venue for appointment of a guardian. TEX.PROB.CODE ANN. § 610. The jurisdiction of the court is invoked by filing an application which alleges the minor to be a resident of the county of suit. To the extent Appellants assert that the county court lacked jurisdiction, their argument is without merit. We now address whether the district court erred by refusing to transfer the guardianship proceeding to Limestone County.

When considering a motion to transfer venue, the trial court must assume the allegations are true and rule based upon the pleadings and affidavits submitted by the parties. TEX.R.CIV.P. 87. Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." TEX.CIV.PRAC.&REM.CODE ANN. § 15.006 (Vernon 2002).

On appeal, we must conduct an independent review of the entire record to determine whether any probative evidence supports the trial court's decision. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). We review the evidentiary record in the light most favorable to the venue ruling, but we accord no deference to the trial court's application of the law. *Id*. If there is any probative evidence supporting venue in the county where judgment was rendered, the judgment must be affirmed. *Id*.; *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 471 (Tex. 1995). If no such evidence exists, the cause must be reversed. TEX.CIV.PRAC.&REM.CODE ANN. § 15.063; *Ruiz*, 868 S.W.2d at 758; *Eddins v. Parker*, 63 S.W.3d 15, 18 (Tex. App.--El Paso 2001, pet. denied).

> Section 610(b) of the Probate Code provides:
>
> (b) A proceeding for the appointment of a guardian for the person or estate, or both, of a minor may be brought:
>
>> (1) in the county in which both the minor's parents reside;
>>
>> (2) if the parents do not reside in the same county, in the county in which the parent who is the sole managing conservator of the minor resides, or in the county in which the parent who is the joint managing conservator with the greater period of physical possession of and access to the minor resides;
>>
>> (3) if only one parent is living and the parent has custody of the minor, in the county in which that parent resides;
>>
>> (4) if both parents are dead but the minor was in the custody of a deceased parent, in the county in which the last surviving parent having custody resided; or
>>
>> (5) if both parents of a minor child have died in a common disaster and there is no evidence that the parents died other than simultaneously, in the county in which both deceased parents resided at the time of their simultaneous deaths if they resided in the same county.

Appellants contend that venue was proper in Limestone County under Section 610(b)(4) because

A.D.P. was in Mary Anna's custody and she resided in Limestone County at the time of her death. The trial court made the following relevant findings of fact:

> 3. The child resided in Barstow, Ward County, Texas with his adopted mother from the date of his birth until the death of Mary Anna Parmer in Limestone County, Texas on December 25, 2005.
>
> .   .   .
>
> 5. In early November, 2005, because of the illness of Mary Anna Parmer, the child's biological grandmother, Respondent Ida Mae Parmer, withdrew the child from the Pecos-Barstow-Toyah Independent School District and took the child to her residence in Limestone County, Texas.
>
> 6. In late November, 2005, because of the illness of Mary Anna Parmer, Respondent Ida Mae Parmer placed Mary Anna Parmer in a nursing home in Mexia, Limestone County, Texas.
>
> 7. Following the December 25, 2005 death of Mary Anna Parmer, Petitioners picked up the child from Respondent Ida Mae Parmer in January, 2006; and the child has resided in Ward County, Texas with Petitioners from that time to the present date.
>
> 8. Ida Mae Parmer's removal of the child from his residence in Ward County to Limestone County from November, 2005 to January, 2006 was a temporary removal occasioned by the illness of his adopted mother, Mary Anna Parmer.
>
> 9. Ida Mae Parmer's removal of Mary Anna Parmer from her residence in Ward County, Texas to Limestone County from late November, 2005 until her death was a temporary removal occasioned by her illness.
>
> 10. At the time of her death, Mary Anna Parmer owned real and personal property, including her home, furniture and personal effects, in Ward County, Texas; she had only a few personal effects in Limestone County, Texas.

11. At the time of the death of Mary Anna Parmer, she remained a resident of Ward County, Texas.

12. At the time of the death of Mary Anna Parmer, the child remained a resident of Ward County, Texas.

The parties agree that Section 610(b)(4) is the relevant venue statute. The only question, then, is whether there is probative evidence supporting the trial court's finding that at the time of her death, Mary Anna resided in Ward County. The Probate Code does not define residency of a parent for purposes of establishing venue under Section 610(b)(4). In determining the elements of residence, we look for guidance to cases construing residency in various contexts. *In re Salgado*, 53 S.W.3d 752, 762 (Tex.App.--El Paso 2001, orig. proceeding). The Supreme Court has articulated the elements of residency under the general civil venue statute: (1) a fixed place of abode within the possession of the party; (2) occupied or intended to be occupied consistently over a substantial period of time; (3) which is permanent rather than temporary. *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 140 (1951). An element of permanency is necessary before a party can be considered a resident of a particular county. *Salgado*, 53 S.W.3d at 762. These elements have been applied in determining venue in guardianship proceedings. *See Petty v. Petty*, 592 S.W.2d 423, 427 (Tex.Civ.App.--Dallas 1979, no writ).

The evidence demonstrated that Mary Anna had resided in Ward County since at least 1999 until she was moved by her daughter to a nursing home in late November 2005. Her move to the nursing home was necessitated by illness. At the time of her death, Mary Anna owned real and personal property in Ward County. She had only a few personal effects in Limestone County. This evidence established that her relocation to Limestone County was temporary and in response to her illness. Her fixed and permanent place of abode was Ward County. Because the trial court correctly determined that Ward County was her residence for purposes of establishing

venue under Section 610(b)(4), denial of the motion to transfer venue was proper.

*Procedural Defects*

We turn now to Appellants' second and third arguments argument raising alleged procedural defects in the guardianship proceeding. They contend that Tammie and Allen's application for guardianship did not comply with Section 875(c)(2) and (c)(4) of the Probate Code which require that the application for temporary guardianship state the danger to the person or property alleged to be imminent and the facts and reasons supporting the allegations and requests. TEX.PROB.CODE ANN. § 875(c)(2), (4)(Vernon Pamphlet 2008). Additionally, Appellants argue that the application did not meet the requirements of Section 875(d) and (e). Appellants also maintain that the appointment of Appellees as temporary guardians of A.D.P. violates Section 676(c) of the Probate Code. We find that Appellants did not preserve any of these arguments.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX.R.APP.P. 33.1(a)(1). Further, the record must reflect that the trial court ruled on the request, objection, or motion. TEX.R.APP.P. 33.1(a)(2)(A).

Appellants raised the argument related to Section 875(c)(2) and (c)(4) of the Probate Code in their motion to abate filed in the Ward County Court. The Ward County Court did not rule on the motion to abate as the case was transferred to the 143rd District Court. On June 1, 2006, the 143rd District Court heard the motion to transfer and the motion to abate immediately prior to the trial on the merits. At the conclusion of the evidence on these motions, Appellants

presented argument related to the venue issue but did not address their complaint about the defect in the pleadings. Finding that venue was proper in Ward County and that Tammie and Allen had standing to bring the SAPCR, the court orally denied both motions and the case proceeded to trial on the guardianship petitions and the SAPCR. The trial court later entered a written order on the motions to transfer and abate, stating that:

> The Motion to Abate was predicated upon an affirmative finding that proper venue of this cause was Limestone County and upon lack of standing of the Temporary Guardians. It is therefore ORDERED that the Motion to Abate be, and the same is hereby, overruled.

Thus, the trial court did not address or rule upon the complaint that the guardianship application did not comply with Section 875 of the Probate Code. By failing to obtain an adverse ruling on this specific objection, Appellants waived it. *See* TEX.R.APP.P. 33.1(a)(2)(A).

Even if it can be said that Appellants sufficiently brought this objection to the trial court's attention and the trial court ruled upon it, the argument is without merit. The danger identified in the application is that Appellees believed Ida Mae intended to return A.D.P. to Jaimee even though her parental rights had been terminated and she had not had contact with the child. According to the application, Appellees made the allegation based upon "information and belief." These allegations comply with subsections (c)(2) but do not state sufficient facts supporting the allegation as required by subsection (c)(4). However, both the county court and the district court had information in the record provided by Appellants which support a conclusion that Ida Mae intended for Jaimee to be directly involved in the care of A.D.P. First, Ida Mae and Jaimee filed a joint application to be appointed the temporary guardians of the child. Attached to the original application is the affidavit of Ida Mae in which she alleged that on March 12, 2006, Jaimee traveled to Ward County to pick up the child but Tammie would not

allow her to do so.  Additionally, Ida Mae and Jaimee filed a joint petition seeking to be appointed the managing conservators of the child even though Jaimee's parental rights had previously been terminated.  While Appellees' original application did not meet the technical requirements of subsection (c)(4), the trial court had information before it which tended to support the allegations.  Appellants's contentions pertaining to Section 875(c)(2) and (c)(4) are without merit.

Appellants did not raise any argument or objection in the trial court pertaining to Section 875(d) and (e) of the Probate Code.  Therefore, the argument related to these subsections is waived.  *See* TEX.R.APP.P. 33.1(a)(1).

### *Failure to Hear the Guardianship Proceedings First*

Appellants also maintain that the district court erred by failing to hear the guardianship proceedings first.  Appellants reason that if the district court had heard and ruled on the guardianship petitions before ruling on the SAPCR, the court would have been required by Section 676(c)(3) of the Probate Code to appoint Ida Mae or Jaimee as the guardian of A.D.P. as they are his siblings, and therefore, Tammie and Allen would have lacked standing to pursue the SAPCR.  Appellants did not request that the district court hear and rule upon the guardianship petitions before ruling on the SAPCR.  To the contrary, counsel for Tammie and Allen stated at the beginning of trial that the parties had agreed they would present all of the evidence and the trial court would then rule upon all of the matters before it.  Appellants did not disagree with or object to this statement.  The district court determined that it was required to first rule on the motions to transfer and abate.  Once the district court determined that venue was proper in Ward County, it considered the SAPCR and guardianship in the same hearing.  Appellants did not object to the trial court hearing these matters together or otherwise indicate that they wished for

the court to hear the guardianship first. We therefore find that Appellants waived their complaint regarding the district court's failure to hear the guardianship petitions first. For all of these reasons, we overrule Issue One.

**THE SAPCR**

In Issue Two, Appellants contend that Appellees, as temporary guardians, lacked standing to seek managing conservatorship of A.D.P. under Section 102.003(a)(4) of the Family Code. In the context of this same issue, Appellants also contend that Ward County was not the proper venue for the SAPCR. We will address the standing argument first.

*Standing*

Section 102.003 of the Texas Family Code outlines the general standing requirements to file suit. TEX.FAM.CODE ANN. § 102.003 (Vernon Pamphlet 2008). Subsection (a)(4) provides that an original suit may be filed at any time by a guardian of the person or of the estate of the child. TEX.FAM.CODE ANN. § 102.003(a)(4). Whether a temporary guardian has standing under Section 102.003(a)(4) to file a SAPCR is an issue of first impression.

When construing a statute, we must consider the statute as a whole rather than its isolated provisions. *Helena Chemical Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). One provision should not be given meaning out of harmony or inconsistent with other provisions. *Id*. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly. TEX.GOV'T CODE ANN. § 311.011(b)(Vernon 2005); *see Tijerina v. City of Tyler*, 846 S.W.2d 825, 827 (Tex. 1992)(statutory definitions must be given effect). In the Probate Code, the term "guardian" is defined to mean a person who is appointed guardian under Section 693 of the Probate Code, or a temporary or successor guardian. TEX.PROB.CODE ANN. § 601(11). The term "guardian" in

Section 102.003(a)(4) of the Family Code must be construed in accordance with the Probate Code's definition of "guardian." We thus conclude that Appellees, as the temporary guardians of A.D.P., had standing to file the SAPCR.

*Venue*

Finally, Appellants argue that Ward County was not the proper venue for the SAPCR as the child resided in Limestone County. Section 103.001 of the Family Code provides that an original suit shall be filed in the county where the child resides unless another court has continuing exclusive jurisdiction under Chapter 155 or venue is fixed in a suit for dissolution of a marriage. TEX.FAM.CODE ANN. § 103.001 (Vernon 2002). A child resides in the county where the child's parent or parents reside, except that if a guardian of the person has been appointed by order of a county or probate court and a managing conservator has not been appointed, the child resides in the county where the guardian of the person resides. TEX.FAM.CODE ANN. § 103.001(c)(1). The evidence supports the trial court's conclusion that A.D.P. resided in Ward County with his sole parent, Mary Anna Parmer, until her death and that he has resided in Ward County with Appellees since January 2006. At the time the SAPCR was filed, Appellees had been appointed his temporary guardians. We conclude that the trial court correctly determined that Ward County was the proper venue for the SAPCR under Section 103.001(c)(1). We overrule Issue Two and affirm the judgment of the trial court.

October 23, 2008

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.